## Commodity Law

RAYMOND C. MILLER, Deputy Attorney General, and THOMAS D. McBRIDE, Attorney General, July 23, 1958. —In answer to your request for our opinion concerning your continuance of the requirement that the word "net" be included in quantity content declarations of commodities under the provisions of section 7 of the Act of July 24, 1913, P. L. 965, as amended, known as the Commodity Law, 76 PS §247, we have reviewed our Formal Opinion No. 615, 1949-50 Op. Atty. Gen. 121, and the opinion of Judge Flood, filed March 8, 1951, in the Court of Quarter Sessions of Philadelphia County, in the case of John Y. Huber, 3d, (Keebler-Weyl Baking Company, Division of United Biscuit Company of America).

Judge Flood's opinion holds that as long as the weight of the net contents is marked on a package of

a commodity distributed or sold or in the possession of a person with intent to distribute or sell, there is no necessity of using the word "net" in describing the weight of the contents and a package marked "weight 8 ounces" having a net content of not less than 8 ounces is a sufficient compliance with section 7 of the Commodity Law.

This Philadelphia County opinion is subsequent to and at variance with our Formal Opinion No. 615, wherein we held that the word "net" must be included in all quantity declarations of the content of packages which are subject to the provisions of section 7 of the Commodity Law.

It is our understanding that the Keebler-Weyl Baking Company case is not reported in District and County Reports, and that you had no knowledge of the case until it was brought to your attention by the Keebler-Weyl Baking Company, as authority for its omission of the word "net" on declarations of content of commodities.

Section 5 of the Commodity Law, 76 PS §355.5, provides, inter alia, as follows:

"The Secretary of Internal Affairs shall have the power to adopt and promulgate such rules and regulations not inconsistent with the provisions of this act as may be deemed necessary to carry into effect the intent and purpose of this act."

For the purpose of clarifying the evident intent of the Commodity Law it is recommended that your department adopt a regulation under the provisions of section 7.1, ante, and in compliance with sections 21-22 of the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §§1710.21-1710.21a, requiring the word "net" to be a part of and included in the designation of the marking of the weight of the contents of packages governed by section 7 of the Commodity Law.

After adoption of a proper regulation under section 5 of the Commodity Law, the inclusion of the word "net" in commodity content declarations must be observed.

It is our opinion, therefore, and your are accordingly advised, that upon adoption by your department of a proper regulation under section 5 of the Act of July 24, 1913, P. L. 965, as amended, known as the Commodity Law, 76 PS §247, the word "net" must be made a part of and included in the designation of the marking of the weight of the contents of packages governed by section 7 of the Commodity Law.